UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AGROCOMPLECT, AD                      :
A Bulgarian Corporation              :
54 Dondukov Blvd                     :
Sofia 1000, Bulgaria                 :
                                     :
            Plaintiff,               :              Case No.
                                     :
                                     :
        vs.                          :
                                     :
THE REPUBLIC OF IRAQ                  :
A Foreign State                      :
1801 P Street, NW                    :
Washington, DC 20036                 :
                                     :
            Defendant.               :

## COMPLAINT

COMES NOW plaintiff, AGROCOMPLECT AD (hereinafter, including any predecessor in interest, referred to as "Agrocomplect" or "Plaintiff"), by and through undersigned counsel, and, pursuant to F.R. Civ. Proc. 7, for a demand states and avers as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction is founded on 28 USC §§ 1330 and 1605(a)(2), (6).  Venue is proper pursuant to 28 USC § 1391(d) and (f)(4).

### NATURE OF THE CLAIM

**The Parties**

2.    Plaintiff Agrocomplect is a corporation organized under the laws of the Republic of Bulgaria.

3.    Defendant the Republic of Iraq (hereinafter "Iraq") is a foreign state.

**The Contract**

4.      Defendant entered into a certain written contract (the "Contract") with Plaintiff

for the provision of engineering and construction services to be performed by Plaintiff

in Iraq.

5.      The Contract required Plaintiff to perform work, *inter alia*, on the Hilla-

Diwaniya 4 Land Reclamation Project for the State Organization for Land Reclamation,

operating under the authority of Iraq's Ministry of Agriculture and Irrigation of the

Republic of Iraq.

6.      The Contract provided, *inter alia*, that:

> If any dispute or difference of any kind whatsoever shall arise between the Employer and the Contractor in connection with or arising out of the contract or the carrying out of the Works (whether during the progress of the Works or after their completion and whether before or after the termination abandonment or breach of the contract) it shall in the first place be referred to and settled by the Engineer who shall give notice of his decision to the Employer and the Contractor... If the Employer or the Contractor be dissatisfied then with any such decision and in any such case either the Employer or the Contractor may within 30 days after receiving notice of such decision require that the matter be referred to a Committee of Arbitration to be formed in the following manner:

> The Employer and the Contractor shall each appoint one member to the Committee and the two members thus appointed shall agree upon a third member to act as a Chairman of the Committee. If agreement on the appointment of Chairman cannot be reached within 14 days from the last date of their appointment then the Employer or the Contractor shall each have the right to ask a competent court to appoint the third member in accordance with any proceedings provided in a special law of arbitration.

> ... All fees and other costs shall be paid to arbitrators by the party requiring arbitration provided that such fees

2

and costs shall be payable by the party against whom the award has been pronounced.

The Contract shall be subject to and construed according to the Iraqi Laws regulations and instructions and the Iraqi courts shall have exclusive jurisdiction to hear and determine all actions and proceedings arising out of the Contract.

(the "Contract Arbitration Clause").

7.    Plaintiff performed pursuant to the terms of the Contract.

8.    In order to perform under the terms of the Contract, Plaintiff was required to and did in fact enter into agreements with suppliers and others in the United States.

9.    The contract time for drafting of design and completion of construction was 44 calendar months.

10.    The gross area was approximately 102,000 donum, one donum equal to 1338 square meters, divided initially into 8 zones.  Subsequently, the contract was amended adding a ninth zone.

11.    The project commenced on March 12, 1985, and the execution and handover was effectuated zone by zone.

12.    By August 2, 1990, eight zones were completed and handed over.

13.    Iraq invaded Kuwait on August 2, 1990.

14.    An international embargo was enacted effective August 6, 1990, and remained in effect through April 3, 1991, and was thereafter extended through 2003.

15.    On or about January 1991, Plaintiff's machinery, production base, and camp facilities were destroyed by the American military as a consequence of the Iraqi invasion and occupation of Kuwait.

16.    The assault by, *inter alia*, American military on the machinery, production base, and camp facilities was foreseeable by Defendant.

17.    As a result of breach of the Contract by Defendant, Plaintiff sustained actual, foreseeable and consequential damages in the approximate amount of US$56,000,000, including: contract losses of approximately US$17,000,000; loss of tangible property of approximately US$38,000,000; payment of third party expenses of approximately US$188,000; and, loss of business reputation of approximately US$483,000.00 in interest.

18.    Notwithstanding repeated notice and demand, Iraq has failed and refused to pay to Plaintiff the sums due and owing under the Contract.

19.    Notwithstanding notice and demand, Iraq has failed and refused to comply with the Contract Arbitration Clause.

**Administrative Debt Recovery Procedures**

20.    Plaintiff has exhausted administrative remedies.

21.    Plaintiff timely submitted its claims under the Contract to the United Nations Compensation Commission (the "UNCC Claims").

22.    On March 19, 1999, the Governing Council of the UNCC, adopting the Report and Recommendations made by the Panel of Commissioners, rejected on jurisdictional grounds the UNCC Claims other than US$150,790 for the cost of air evacuation of 368 company employees and 56 family members.

23.    The Interim Iraqi Government formed the Iraqi Debt Reconciliation Office (hereinafter "IDRO") for the expressed purpose of resolving certain debts on certain pre-established terms, including discounts and structured payment schedules.

24.    Plaintiff timely submitted its claims to IDRO.

25.    IDRO rejected certain of Plaintiff's Claims as outside of its jurisdiction, including claims where payments were required to be made in local currency.

4

26.     IDRO agreed to pay $US 7,505,203.20 on certain of Plaintiff's claims, plus accrued interest at the IDRO rate, reduced to 10.25% of the total amount of the claim plus interest. The net payment received by Plaintiff from and through IDRO was $1,761,875.12.

27.     Defendant remains indebted on the Contract to Plaintiff in the amount of $US 48,500,000, plus accrued interest at the annual rate of no less than the IDRO rate.

**Sovereign Immunity**

28.     The Contract, and performance thereunder, was a commercial activity.

29.     The obligations set out in the Contract had a direct effect in the United States, in that goods and services to be provided pursuant to the Contract were to be supplied in part by commercial entities in the United States and payment was to be made at least in part by and through banking institutions in the United States..

30.     Performance of the contract had a direct effect in the United States, in that the construction projects became foreseeable targets of opportunity and necessity for the United States military.

31.     Defendant is not entitled to sovereign immunity because the conduct in issue was a commercial activity with a direct effect in the United States.

32.     The Contract Arbitration Clause constituted a waiver of sovereign immunity.

## COUNT ONE
### (Enforcement Of Contract Arbitration Clause)

33.     Plaintiff adopts and incorporates by reference as if specifically set forth herein the averments of paragraphs one through 32 of the Complaint.

34.     Plaintiff and Defendant agreed in the Contract to submit "any dispute or difference of any kind whatsoever" arising out of the Contract to an arbitration process defined in the Contract.

35.     Defendant has failed and refused to participate in the arbitration process set out in the Contract.

36.     The Contract Arbitration Clause was a material provision of the Contract.

37.     Plaintiff has satisfied all of the conditions applicable to implementation of the Contract Arbitration Clause.

38.     Defendant's failure and refusal to participate in the arbitration process set out in the Contract is a material breach of the Contract.

39.     Defendant's failure and refusal to participate in the arbitration process set out in the Contract has caused, and continues to cause damage and injury to Plaintiff.

**COUNT TWO**
**(Breach of Contract)**

40.     Plaintiff adopts and incorporates by reference as if specifically set forth herein the averments of paragraphs one through 39 of the Complaint.

41.     The losses sustained by Plaintiff were the result and the consequence of "special risks," as that term is defined in Section 67 of the Contract.

42.     Unpaid contract amounts are due to be paid to Plaintiff by Defendant pursuant to the provisions of Sections 67 and 68 of the Contract.

43.     Section 67 is and was a material provision of the Contract.

44.      Section 68 is and was a material provision of the contract.

45.     Despite repeated notice and demand, defendant has failed and refused to pay to Defendant the sums required to be paid by the Contract.

46.     That failure is a material breach of the Contract.

48.     As a direct, foreseeable and consequential result of that breach, Plaintiff has sustained injury and damage.

WHEREFORE, by all these presents, counsel for plaintiff demands:

1.    Judgment in the amount of US$ 47,500,000 in favor of Plaintiff and against Defendant, plus an award of attorneys fees, interest and costs;

2.    Entry of an order, judgment and decree directing the parties to proceed to arbitration pursuant to the terms of the Agreement between the parties;

3.    Entry of an order, judgment and decree directing the parties to nominate one member; and

4.    Such other relief as may be just and proper.

Respectfully submitted,

_S JR_____

Sylvia J. Rolinski # 430573
Danielle M. Espinet # 478553
*Rolinski & Suarez, LLC*
14915 River Road
Potomac, Maryland 20854
*Voice*: (240) 632-0903
*Fax*:    (240) 632-0906
*Email*: srolinski@rolinski.com

_____

Philip M. Musolino #294652
*Musolino & Dessel*
1615 L Street, N.W., Suite 440
Washington, D.C. 20036
(202) 466-3883
*Voice*: (202) 466-3883
*Fax*:    (202) 775-7477
*Email*: pmusolino@musolinoanddessel.com

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| AGROCOMPLECT, AD | THE REPUBLIC OF IRAQ |

| | |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    BULGARIA  (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) ———————  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Philip Musolino       Sylvia Rolinski  Musolino & Dessel    Danielle Espinet  1615 L St., NW #440   Rolinski & Suarez, LLC  Washington, DC 20036  Potomac, MD 20854  (202) 466-3883       (240) 632-0903 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ◉ 3 | ○ 3 | Foreign Nation | ○ 6 | ◉ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane  ☐ 315 Airplane Product Liability  ☐ 320 Assault, Libel & Slander  ☐ 330 Federal Employers Liability  ☐ 340 Marine  ☐ 345 Marine Product Liability  ☐ 350 Motor Vehicle  ☐ 355 Motor Vehicle Product Liability  ☐ 360 Other Personal Injury  ☐ 362 Medical Malpractice  ☐ 365 Product Liability  ☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act  Social Security:  ☐ 861 HIA ((1395ff)  ☐ 862 Black Lung (923)  ☐ 863 DIWC/DIWW (405(g)  ☐ 864 SSID Title XVI  ☐ 865 RSI (405(g)  Other Statutes  ☐ 891 Agricultural Acts  ☐ 892 Economic Stabilization Act  ☐ 893 Environmental Matters  ☐ 894 Energy Allocation Act  ☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.  *(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* | |
|---|---|---|---|
| **Real Property**  ☐ 210 Land Condemnation  ☐ 220 Foreclosure  ☐ 230 Rent, Lease & Ejectment  ☐ 240 Torts to Land  ☐ 245 Tort Product Liability  ☐ 290 All Other Real Property    **Personal Property**  ☐ 370 Other Fraud  ☐ 371 Truth in Lending  ☐ 380 Other Personal Property Damage  ☐ 385 Property Damage Product Liability | **Bankruptcy**  ☐ 422 Appeal 28 USC 158  ☐ 423 Withdrawal 28 USC 157    **Prisoner Petitions**  ☐ 535 Death Penalty  ☐ 540 Mandamus & Other  ☐ 550 Civil Rights  ☐ 555 Prison Condition    **Property Rights**  ☐ 820 Copyrights  ☐ 830 Patent  ☐ 840 Trademark    **Federal Tax Suits**  ☐ 870 Taxes (US plaintiff or defendant  ☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**  ☐ 610 Agriculture  ☐ 620 Other Food &Drug  ☐ 625 Drug Related Seizure of Property 21 USC 881  ☐ 630 Liquor Laws  ☐ 640 RR & Truck  ☐ 650 Airline Regs  ☐ 660 Occupational Safety/Health  ☐ 690 Other    **Other Statutes**  ☐ 400 State Reapportionment  ☐ 430 Banks & Banking  ☐ 450 Commerce/ICC Rates/etc.  ☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations  ☐ 480 Consumer Credit  ☐ 490 Cable/Satellite TV  ☐ 810 Selective Service  ☐ 850 Securities/Commodities/ Exchange  ☐ 875 Customer Challenge 12 USC 3410  ☐ 900 Appeal of fee determination under equal access to Justice  ☐ 950 Constitutionality of State Statutes  ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

● 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C Section 1605 (Contract claim against foreign state)

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 47,500,000.00 plus    Check YES only if demanded in complaint

JURY DEMAND:    YES ☐    NO ☒

## VIII. RELATED CASE(S) IF ANY

(See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE __January 23, 2007__    SIGNATURE OF ATTORNEY OF RECORD _____ 294652

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.