# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AGROCOMPLECT, AD | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:07-cv-00165 (RBW) |
| | : | |
| THE REPUBLIC OF IRAQ | : | |
| Defendant | : | |

## PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY ON MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff, by and through undersigned counsel, moves this Honorable Court for leave to conduct limited discovery on three issues raised in Defendant's Motion to Dismiss the First Amended Complaint, and, in support therefor, respectfully refers this Honorable Court to the annexed memorandum of points and authorities and exhibits.

WHEREFORE, by all these presents, counsel for plaintiff prays that the instant motion be granted.

## CERTIFICATE OF COUNSEL

I, Philip M. Musolino, certify that I sought consent to the instant motion on August 29, 2007. Counsel for defendant advised undersigned that defendant will oppose the motion.

Respectfully submitted,


Philip M. Musolino #294652
*Musolino & Dessel*
1615 L Street, N.W., Suite 440
Washington, D.C. 20036
(202) 466-3883
*Voice*: (202) 466-3883
*Fax*:    (202) 775-7477
*Email*: pmusolino@musolinoanddessel.com


Sylvia J. Rolinski # 430573
Danielle M. Espinet # 478553
*Rolinski & Suarez, LLC*
14915 River Road
Potomac, Maryland 20854
*Voice*: (240) 632-0903
*Fax*:    (240) 632-0906
*Email*: srolinski@rolinski.com

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AGROCOMPLECT, AD            :

                 Plaintiff,       :

    :

                         :

           v.                     :     Case No. 1:07-cv-00165 (RBW)

                         :

THE REPUBLIC OF IRAQ        :

                         :

             Defendant.      :

## <u>ORDER</u>

This matter having come before this Court on Plaintiff's Motion for Leave to Conduct Limited Discovery on Defendant's Motion to Dismiss First Amended Complaint, and opposition thereto, it is, for good cause shown this _____ day of _____, 2007:

ORDERED, that the instant motion be and is hereby GRANTED, and it is

FURTHER ORDERED, that the parties are granted leave to conduct discovery in the form of twenty interrogatories and twenty requests for production of documents on the following three subjects: "direct effects" under the Foreign Sovereign Immunities Act; the statute of limitations; and release, and it is

FURTHER ORDERED, that discovery requests under this Order must be served within thirty (30) days of the date of this Order, and it is

FURTHER ORDERED, that any supplemental authority with respect to the Motion to Dismiss the First Amended Complaint and which arises out of the discovery shall be filed within ninety (90) days of the date of this Order.

SO ORDERED.


_____
Reggie B. Walton, Judge
United States District Court for the
District of Columbia


Philip M. Musolino, Esq.
*Musolino & Dessel*
1615 L Street, NW, Suite 440
Washington, DC 20036

Sylvia Rolinski, Esq.
Danielle M. Espinet, Esq.
*Rolinski, Terenzio & Suarez, LLP*
14915 River Road
Potomac, Maryland 20854

Matthew D. Slater, Esq.
*Cleary Gottlieb Steen & Hamilton, LLP*
2000 Pennsylvania Avenue, NW
Washington, D.C. 20006

Jonathan I. Blackman, Esq.
Lisa M. Coyle, Esq.
*Cleary, Gottlieb, Steen & Hamilton, LLP*
One Liberty Plaza
New York, NY 10006

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AGROCOMPLECT, AD            :

           :

      Plaintiff,          :

           :

           :

      v.           :      Case No. 1:07-cv-00165 (RBW)

           :

THE REPUBLIC OF IRAQ       :

      Defendant.      :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY ON MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff Agrocomplect, A.D. seeks limited discovery [1] on three issues upon which Defendant Republic of Iraq ("Iraq" or "Defendant") bases its Motion to dismiss the first amended complaint: the application of the "direct effects" test under the Foreign Sovereign Immunities Act ("FSIA"); the statute of limitations; and, release.

For the reasons set forth below, the instant motion should be granted.

## I. STATEMENT OF PROCEEDINGS

Plaintiff Agrocomplect A.D. ("Plaintiff" or "Agrocomplect") filed its two-count complaint against Defendant The Republic of Iraq ("Defendant" or "Iraq") on January 23, 2007. On May 21, 2007, Defendant filed a Motion to Dismiss the Complaint ("Defendant's First Motion to Dismiss"). The First Motion to Dismiss sought dismissal under FedR.Civ.P. 12(b)(1)and 12(b)(2) because, defendant contended, this court lacks jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). Defendant's motion also sought dismissal under Fed.R.Civ.P. 12(b)(6) because, Defendant alleged, the claim is barred as a matter of law by Plaintiff's alleged release; and, the claim is time-barred.

---

[1] In the proposed order, discovery is limited to twenty interrogatories and twenty requests for production of documents.

Two exhibits were appended to the motion: an Invitation to Tender Claims for Cash Purchase and Cancellation, issued by Iraq through its Ministry of Finance and the Iraq Debt Reconciliation Office ("IDRO"), and Plaintiff's Tender to IDRO. Defendant contended that those two exhibits supported its defense of release.

Plaintiff filed its Opposition on June 5, 2007. The Opposition asserted *inter alia,* that: the allegations of the complaint satisfied the direct effect test of the FSIA; defendant failed to meet its burden on the affirmative defense of the statute of limitations; defendant failed to meet its burden on the affirmative defense of release; and, defendant improperly relied on exhibits to support a motion under 12(b)(6). Appended to the Opposition were three exhibits directed at the availability of Iraq as a forum for resolution of plaintiff's claims, designated as Plaintiff's Exhibits ("PX") A-1, A-2, A-3, and seven exhibits directed at the IDRO process, designated as PX B, C, D, E, F, G and H.

On June 19, 2007, defendant filed its Reply to the Opposition. The Reply was accompanied by a supplement containing an Article from the Journal of International Arbitration, and by documents collected in designated Exhibit C, some or all of which defendant apparently contended constituted the contractual agreement of the parties. Included in Defendant's Exhibit ("DX") C was Memorandum No.2, and a letter dated 09/02/84 (the "1984 Letter"), at Document 14-7, pages 86-88, Bates No. 260-262.

On July 11, 2007, plaintiff filed a Motion for Limited Discovery. That motion was accompanied by 10 exhibits. Nine of those exhibits – PX I, J-1, J-2, J-3, K, L, M and N— addressed the "direct effect" test by establishing that contract payments were to be made in New York. An Iraq Press Release appended as PX O provided support for Plaintiff's request for limited discovery on Defendant's release argument.

On July 16, 2007, pursuant to Fed.R.Civ.P. 15(a), and *Confederate Memorial Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 *reh and reh en banc den* (D.C.Cir.1993), Plaintiff filed its First Amended Complaint ("Compl." or the "Complaint"). Like the initial complaint, the First Amended Complaint seeks relief in the nature of enforcement of a contract arbitration clause in Count One, and damages for breach of contract in Count Two.

Defendant filed its Motion to Dismiss the First Amended Complaint on August 6, 2007, and reiterated its "direct effect," statute of limitations and release arguments. Defendant purports to support its statute of limitations defense with an extraneous United Nations Compensation Commission Report, and its release defense with an IDRO Invitation to Tender, DX B, at Document 19-8, and the Tender from Plaintiff. DX C, at Document 19-9. Defendant also included some of the exhibits upon which plaintiff relied to support its contention that payments were to be made in New York.

On August 23, 2007, plaintiff filed its Opposition to defendant's Motion to Dismiss the First Amended Complaint. The opposition included exhibits pertinent to the "direct effect" test and the release defense.

On September 10, 2007, defendant filed a Reply. No additional exhibits were appended thereto.

## II.  STANDARDS APPLICABLE TO THE INSTANT MOTION

Plaintiff is not at this stage entitled to seek discovery absent leave of court. Fed.R.Civ.P.26(d).  "The district court has broad discretion in its handling of discovery, and its decision to allow or deny discovery is reviewable only for abuse of discretion." *Islamic American Relief Agency v. Gonzales,* 477 F.3d 728, 737 (D.C.Cir., 2007).  That

discretion is applicable with respect both to 12(b)(1) and 12(b)(2) jurisdictional defenses under the FSIA, and defenses nominally brought under 12(b)(6).

### A.  Jurisdictional Discovery

In *Burnett v. Al Baraka Inv. and Development Corp.*, 274 F.Supp.2d 86 (D.D.C. 2003), the court observed:

> Generally, in entertaining a motion to dismiss, the district court must accept the allegations of the complaint as true, and construe all inferences in the plaintiff's favor." However, "[w]here the motion to dismiss is based on a claim of foreign sovereign immunity, which provides protection from suit and not merely a defense to liability, ... the court must engage in sufficient pretrial factual and legal determinations to satisfy itself of its authority to hear the case before trial." The district court must "go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss.(citations omitted).

*Burnett, supra,* at 14 (D.D.C. 2003).

"The district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction (internal quotation marks omitted)." *Phoenix Consulting Inc. v. Republic of Angola,* 216 F.3d 36, 40 (D.C. 2000). With respect to factual challenges under the FSIA, the court in *Phoenix* observed that the district court "must give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction."…. In order to avoid burdening a sovereign that proves to be immune from suit, however, jurisdictional discovery should be carefully controlled and limited…. (internal citations, brackets and quotation marks omitted)." At 149.

4

**B.  Non-Jurisdictional Discovery**

> If, on a motion asserting the defense numbered (6) to dismiss for failure of
> the pleading to state a claim upon which relief can be granted, matters
> outside the pleading are presented to and not excluded by the court, the
> motion shall be treated as one for summary judgment and disposed of as
> provided in Rule 56, and all parties shall be given reasonable opportunity
> to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b).  *See Marshall County Health Care Authority v. Shalala* 988 F.2d

1221, 1226 (D.C. Cir. 1993).  "…(T)he conversion of a Rule 12(b)(6) motion into one for

summary judgment under Rule 56 when the court considers matters outside the pleadings

is 'strictly enforce[d]' and 'mandatory.'" *Global Network Communications, Inc. v. City of

New York*, 458 F.3d 150, 155 (2nd Cir. 2006).

"When a district court converts a Rule 12(b)(6) motion to one for summary

judgment, it must allow all parties both a 'reasonable opportunity to present all material

made pertinent to such a motion by Rule 56' and a chance 'to pursue reasonable

discovery.'" *Taylor v. FDIC,* 132 F.3d 753, 765 (D.C. Cir. 1997).

Defendant's reliance in its Motion to Dismiss on IDRO documents, if accepted

by the court, constitutes a conversion triggering plaintiff's right to discovery on the

release defense, and, in any event, seeks disposition of affirmative defenses more

appropriately resolved after a more complete fact record is available.[2]  *See* Plaintiff's

Opposition to Defendant's Motion to Dismiss First Amended Complaint, at 7-10

(discussing conversion, and disposition of affirmative defenses of release on motion) and

---

[2] For example, on the release defense, the construction of the IDRO documents would be aided by
discovery on whether Iraq has litigated claims arising out of its boilerplate release language, *see, e.g.,
Novak v. World Bank* 703 F.3d 1305, 1309 (D.C. 1983)(discussing defensive and offensive collateral
estoppel), and whether Iraq itself treated the claims in this case as released.  *See* **PX O** (IDRO press release
describing in dollars and in numbers the commercial claims which were "settled"), and *see Tillery v.
District of Columbia Appeals Board*, 912 A.2d 1169, 1176 (D.C. 2006) (conduct of parties under a contract
can be extrinsic evidence of meaning of contract).

at 25-26 (discussing disposition of affirmative defense of the statute of limitations on

motion).

   Grant of limited discovery will enable the court to effectively "ferret out" the

facts pertinent to jurisdiction, *Phoenix, supra,* at 40, and will facilitate disposition of

affirmative defenses on a more complete factual record.

   Accordingly, the instant motion should be granted.

                                          Respectfully submitted,


                                          Philip M. Musolino #294652
                                          *Musolino & Dessel*
                                          1615 L Street, N.W., Suite 440
                                          Washington, D.C. 20036
                                          (202) 466-3883
                                          *Voice*:  (202) 466-3883
                                          *Fax*:    (202) 775-7477
                                          *Email*: pmusolino@musolinoanddessel.com



                                          Sylvia J. Rolinski # 430573
                                          Danielle M. Espinet # 478553
                                          *Rolinski & Suarez, LLC*
                                          14915 River Road
                                          Potomac, Maryland 20854
                                          *Voice*: (240) 632-0903
                                          *Fax*:    (240) 632-0906
                                          *Email*: srolinski@rolinski.com

## CERTIFICATE OF SERVICE

I certify that a true copy of this motion was served by electronic mail on September 13, 2007 to the following:

>Matthew D. Slater, Esq.
>*Cleary Gottlieb Steen & Hamilton, LLP*
>2000 Pennsylvania Avenue, NW
>Washington, D.C. 20006
>
>Jonathan I. Blackman, Esq.
>Lisa M. Coyle, Esq.
>*Cleary, Gottlieb, Steen & Hamilton, LLP*
>One Liberty Plaza
>New York, NY 10006

Philip M. Musolino

7