IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AGROCOMPLECT, AD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:07CV00165 (RBW) |
| v. ) | **ORAL ARGUMENT** |
| ) | **REQUESTED** |
| **THE REPUBLIC OF IRAQ,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED
DISCOVERY ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Matthew D. Slater
D.C. Bar No. 386986
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-1801
Tel.: 202 974-1500
Fax: 202 974-1999

Jonathan I. Blackman
Lisa Coyle
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Tel: 212-225-2000
Fax: 212-225-3999

Attorneys for Defendant The Republic of Iraq

**TABLE OF CONTENTS**

|   |   | **Page** |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| ARGUMENT | | 2 |
| I. | AGROCOMPLECT IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY UNDER THE FSIA | 2 |
| | A. Agrocomplect Has Not Alleged Specific Facts That, If Verified Through Discovery, Would Establish Jurisdiction Over The Republic Under The Direct Effect Test Of The FSIA | 4 |
| | B. The Information Agrocomplect Seeks Can Be Obtained Through Alternate Means | 6 |
| II. | AGROCOMPLECT IS NOT ENTITLED TO DISCOVERY ON THE NON-JURISDICTIONAL ISSUES OF STATUTE OF LIMITATIONS AND RELEASE | 7 |
| | A. The Court Cannot Reach The Republic's Alternative 12(b)(6) Grounds For Dismissal Because It Lacks Subject Matter Jurisdiction Under The FSIA | 8 |
| | B. Even If The Court Had Jurisdiction It Would Be Required To Refer The Matter To Arbitration Pursuant To The Arbitration Clause | 9 |
| | C. Even If The Court Could Reach The Republic's Alternative Grounds For Dismissal, Agrocomplect Would Not Be Entitled To Discovery On These Issues | 10 |
| CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

9 U.S.C. § 3 .................................................................................................................. 9

28 U.S.C. § 1605(a)(2) ................................................................................................ 5


**Cases**

*Arriba Ltd. v. Petroleos Mexicanos,
962 F.2d 528 (5th Cir. 1992) ...................................................................................... 5

Burnett v. Al Baraka Inv. & Dev. Corp.,
274 F. Supp. 2d 86 (D.D.C. 2003) .............................................................................. 3

Burnett v. Al Baraka Inv. & Dev. Corp.,
292 F. Supp. 2d 9 (D.D.C. 2003) ................................................................................ 3

*Croesus EMTR Master Fund L.P. v. Federative Republic of Brazil,
212 F. Supp. 2d 30 (D.D.C. 2002) .............................................................................. 4-5

Dean Witter Reynolds, Inc. v. Byrd,
470 U.S. 213 (1985) .................................................................................................... 9

Emeronye v. CACI Int'l, Inc.,
141 F. Supp. 2d 82 (D.D.C. 2001) .............................................................................. 9

*First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba,
462 U.S. 611 (1983) .................................................................................................... 6

*IDAS Res. N.V. v. Empresa Nacional de Diamentes de Angola E.P.,
No. 06-00570, 2006 WL 3060017 (D.D.C. Oct. 26, 2006) ........................................ 3, 7

*In re Papandreou,
139 F.3d 247 (D.C. Cir. 1998) .................................................................................... 2, 8

*Kelly v. Syria Shell Petroleum Dev. B.V.,
213 F.3d 841 (5th Cir. 2000) ...................................................................................... 2-3

Mavrovich v. Vanderpool,
427 F. Supp. 2d 1084 (D. Kan. 2006) ......................................................................... 10

Munno v. Town of Orangetown,
391 F. Supp. 2d 263 (S.D.N.Y. 2005)......................................................................... 11

Pearce v. E.F. Hutton Group, Inc.,
828 F.2d 826 (D.C. Cir. 1987)...................................................................................... 9

Phillips v. Bureau of Prisons,
591 F.2d 966 (D.C. Cir. 1979)................................................................................... 10

Phoenix Consulting Inc. v. Republic of Angola,
216 F.3d 36 (D.C. Cir. 2000)....................................................................................... 3

*Saudi Arabia v. Nelson,
507 U.S. 349 (1993)..................................................................................................... 4

*Transamerica Leasing, Inc. v. La Republica de Venezuela,
200 F.3d 843 (D.C. Cir. 2000)..................................................................................... 6

Defendant The Republic of Iraq ("Iraq" or the "Republic") submits this Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Leave to Conduct Limited Discovery on Motion to Dismiss First Amended Complaint ("Discovery Motion").[1]

## PRELIMINARY STATEMENT

Having failed to allege facts sufficient to establish jurisdiction over the Republic in its initial or its Amended Complaint, Agrocomplect now seeks permission to engage in a fishing expedition in the vague hope of discovering some information that somehow would help cure this fatal defect. Like Mr. Micawber in Dickens' *David Copperfield*, Agrocomplect apparently hopes that if it gets discovery, "something will turn up" to support its attempt to invoke federal court jurisdiction over claims under a decades-old contract that has no legally meaningful nexus or relationship with the United States.

This discovery is entirely unwarranted under the Foreign Sovereign Immunities Act (the "FSIA"), under which the Republic is entitled to immunity not only from liability, but also from the burdens of discovery. Under the FSIA, jurisdictional discovery is limited to situations where it is necessary to verify allegations of specific facts crucial to an immunity determination. It is not a substitute for alleging well-pleaded facts that would legally support federal subject matter jurisdiction in the first place, particularly where, as here, the Contract terms on which the plaintiff purports to rely on their face fail to support any basis for jurisdiction.

Plaintiff's request to conduct discovery on the issues of statute of limitations and release is, if anything, even less permissible. It is undisputed that the Court could only reach those alternate grounds for dismissal asserted by the Republic if it found that it possessed jurisdiction,

---

[1] All capitalized terms not defined herein have the same meaning set forth in the Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss the First Amended Complaint, dated August 6, 2007 ("Opening Brief") (Docket No. 19) and in the Reply Memorandum in Further Support of the Defendant's Motion to Dismiss the First Amended Complaint, dated September 10, 2007 ("Reply Brief") (Docket No. 22).

which it does not, *and* that Agrocomplect's claims were not contractually committed to arbitration, which they are. Indeed, Agrocomplect *concedes* that its claims are governed by the Arbitration Clause in its Contract with the Republic. Am. Compl. ¶¶ 6, 19, 44-50. The disposition of the Republic's merit-based defenses, including discovery addressed to them, would therefore fall within the exclusive province of the arbitral tribunal, making any judicial discovery relating to the merits inappropriate.

## ARGUMENT

### POINT I

### AGROCOMPLECT IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY UNDER THE FSIA

It is well-settled that the FSIA provides a foreign state with immunity not only from liability, but also from the "attendant burdens of litigation," and courts deciding requests for jurisdictional discovery under the FSIA must therefore "proceed with circumspection, lest the evaluation of the immunity itself encroach unduly on the benefits the immunity was to ensure." See In re Papandreou, 139 F.3d 247, 251, 253 (D.C. Cir. 1998). Agrocomplect correctly asserts that where a claim of immunity under the FSIA is raised, the complaint must be examined more carefully than under the standard conventionally applicable to motions to dismiss, and that the district courts may devise a procedure to develop legally relevant facts pertinent to jurisdiction. See Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to Conduct Limited Discovery on Motion to Dismiss First Amended Complaint ("Disc. Br.") (Docket No. 23) at 4. But the purpose of this requirement is *to protect* the foreign state from – *not subject it to* – the burdens of litigation.

Accordingly, such fact-finding procedures are *only* permitted where the *complaint's* "allegations of specific facts crucial to an immunity determination" must be verified. See Kelly

v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 849, 851-52 (5th Cir. 2000) (emphasis supplied); IDAS Res. N.V. v. Empresa Nacional de Diamantes de Angola E.P., No. 06-00570, 2006 WL 3060017, at *11 (D.D.C. Oct. 26, 2006) ("Jurisdictional discovery is not warranted when plaintiffs' allegations, even if supplemented or verified, would remain insufficient to establish a FSIA exception"). The authority on which Agrocomplect relies likewise emphasizes this point. See Burnett v. Al Baraka Inv. & Dev. Corp., 292 F. Supp. 2d 9, 15-21 (D.D.C. 2003) (finding no exception to immunity applicable and refusing request for jurisdictional discovery because it would "frustrate the significance and benefit of [the foreign state defendant's] entitlement to immunity from suit").[2] Absent allegations of "specific facts" "crucial" to an immunity determination that discovery would verify or disprove, jurisdictional discovery under the FSIA is inappropriate.

Here, Agrocomplect has not alleged *any* specific facts that, if true, would establish jurisdiction over the Republic. Indeed, Agrocomplect does not advance any factual area at all as being in dispute and in need of discovery. Its original Motion for Leave to Conduct Limited Discovery on Motion to Dismiss Complaint ("Original Discovery Motion")[3] indicated that the only jurisdictional topic on which it seeks such discovery is whether the alleged Contract payment terms satisfy the "direct effect" test of the FSIA.[4] But as set forth in the Republic's

---

[2] Nor is Agrocomplect helped by the other cases it cites in support of its jurisdictional discovery argument. Unlike Agrocomplect, the plaintiff in Phoenix Consulting Inc. v. Republic of Angola, 216 F.3d 36, 40-41 (D.C. Cir. 2000), alleged facts that were disputed by the foreign state defendant and that, if true, would have established jurisdiction under the FSIA. Burnett v. Al Baraka Inv. & Dev. Corp., 274 F. Supp. 2d 86 (D.D.C. 2003) did not involve a claim of immunity under the FSIA at all.

[3] The Court denied that motion without prejudice as moot, after Agrocomplect filed its Amended Complaint. Minute Order of Hon. Reggie B. Walton, dated July 26, 2007.

[4] This was the only subject on which Agrocomplect suggested there was a factual dispute. See Memorandum of Points and Authorities in Support of Original Discovery Motion ("Original Disc. Br.") (Docket No. 15) at 3-4, 5-9. Agrocomplect did not (and could not) seek jurisdictional discovery on the applicability of the waiver exception of § 1605(a)(1) or the arbitration exception of § 1605(a)(6). See Original Disc. Br. at 1. Nor does Agrocomplect seek jurisdictional discovery with respect to the other two alleged "direct effects" referred to in its

3

Motion to Dismiss, and summarized below, the documents previously provided by Agrocomplect itself, and relied upon and quoted in its Amended Complaint, defeat its "direct effect" theory as a matter of law, rendering discovery both unnecessary and improper.

**A.     Agrocomplect Has Not Alleged Specific Facts That, If Verified Through Discovery, Would Establish Jurisdiction Over The Republic Under The Direct Effect Test Of The FSIA**

Agrocomplect has not shown that there is a factual dispute as to payment terms for which discovery is needed. Although Agrocomplect advanced and attached to its Original Discovery Motion a series of documents it claimed obligated the Republic to make payments in New York (the "Discovery Motion Exhibits"), Original Disc. Mot. Exs. I – N (Docket Nos. 15-2 – 15-10); Am. Compl. ¶¶ 32-40, the Republic has shown in its Motion to Dismiss that all but one of the Discovery Motion Exhibits are inapplicable to the Contract, and the one document that is applicable contains no description of payment arrangements under the Contract. Compare Opening Br. Exs. D – L and Am. Compl. ¶¶ 32-40 with Opening Br. Ex. A; see also Opening Br. at 12-13 and Reply Br. at 8. It is therefore apparently Agrocomplect's hope[5] that through discovery it will obtain evidence of similar agreements that *are* applicable to the Contract. But such agreements, whether they exist or not, would not help Agrocomplect.

The FSIA does not provide for general jurisdiction over foreign states in United States courts. See Saudi Arabia v. Nelson, 507 U.S. 349 (1993) (holding that no exception to immunity existed under § 1605(a)(2) where foreign state's commercial activity in the U.S. was not the basis of the suit); Croesus EMTR Master Fund L.P. v. Federative Republic of Brazil, 212 F.

---

Amended Complaint – Agrocomplect's alleged use of goods and services supplied by United States entities (a subject within its control) and the alleged destruction of construction sites in Iraq by the United States military (a frivolous claim for which discovery clearly is not needed).

[5]     "Apparently," because Agrocomplect does not even indicate, other than by vague reference to subject matter, what discovery it actually seeks to propound.

Supp. 2d 30, 34, 35 (D.D.C. 2002) (holding that act alleged by plaintiffs did not satisfy third prong of § 1605(a)(2) because plaintiffs' action was not "based upon" such act under standard set forth in Nelson); Arriba Ltd. v. Petroleos Mexicanos, 962 F.2d 528 (5th Cir. 1992) (commercial actions by foreign state in the U.S. that are unrelated to the activity on which the lawsuit is based do not authorize jurisdiction under § 1605(a)(2)).  To the contrary, § 1605(a)(2) clearly states that the "act" that causes the direct effect must be what the plaintiff's claim is "based upon," and must therefore be an act of the defendant; a claim cannot be "based upon" the conduct of a third party.  To be relevant to jurisdiction, any discovery must therefore be directed to specific disputed allegations of activity of the *Republic* causing a direct effect in the United States from which Agrocomplect's claims arose; other activity of the Republic, or activities of persons other than the Republic, are irrelevant as a matter of law.

It is therefore dispositive of Agrocomplect's Discovery Motion, as well as of its underlying attempt to allege United States jurisdiction, that the Discovery Motion Exhibits, of which it apparently hopes to discover further examples, evidence at most a trade financing agreement between non-parties Bulgarian Bank and CBI, under which *CBI* was contractually required to make payments to *Bulgarian Bank* into *its* New York account.  See Opening Br. Ex. E; see also Opening Br. at 14-16; Reply Br. at 9-13.  On their face, they are *not* agreements by the Republic to make *any* payment to Agrocomplect in the United States.  Assuming similar trade financing agreements were applicable to the Contract, they would therefore still not satisfy the direct effect test for jurisdiction over the Republic on Agrocomplect's claim for breach of that Contract:  Agrocomplect's claim against the Republic cannot be "based upon" the alleged failure of a third party to meet its obligations to another third party.

5

Nor can Agrocomplect satisfy the FSIA test for jurisdictional discovery by claiming that it needs to obtain information about the relationship between CBI and the Republic. Agrocomplect has not alleged any facts that could overcome the "presumption of independent status" that "duly created instrumentalities of a foreign state [such as CBI] are to be accorded." First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba, 462 U.S. 611, 627 (1983) ("Bancec"); see also Transamerica Leasing, Inc. v. La Republica de Venezuela, 200 F.3d 843, 847-48 (D.C. Cir. 2000) (holding that presumption of independent status set forth in Bancec applies to the issue of whether a foreign sovereign is amenable to suit in the U.S. under the FSIA based upon the acts of its instrumentality); Reply Br. at 9-10.

Agrocomplect bears the burden of overcoming this presumption, and may do so only by invoking traditional principles of agency law or the law governing corporate veil-piercing in the private context. See Transamerica, 200 F.3d at 847-48; see also Reply Br. at 10. It has not done so: the Amended Complaint does not allege that CBI was either an agent or an alter ego of the Republic, nor does it allege any facts that could support such a conclusion. (Nor is there any allegation that Bulgarian Bank, to which any obligations of CBI were owed, was an agent or alter ego of Agrocomplect, or indeed that CBI breached any agreement to reimburse Bulgarian Bank.) In sum, there is no legally recognized basis on which any trade financing agreements between CBI and Bulgarian Bank, even if used with respect to the Contract between Agrocomplect and the Republic, could be relevant to establishing United States jurisdiction over the Republic in this action.

**B.   The Information Agrocomplect Seeks Can Be Obtained Through Alternate Means**

Even if the Discovery Motion Exhibits contained evidence of a contractual requirement that the Republic make payments to Agrocomplect in the United States, which they do not,

6

Agrocomplect would still not be entitled to conduct jurisdictional discovery of the Republic because "the discretion of a district court to allow jurisdictional discovery in FSIA cases is limited to those instances where the facts sought are peculiarly within the knowledge of the party against whom discovery is sought." IDAS, 2006 WL 3060017 at *11.  Where, as here, the plaintiff can just as easily obtain the information sought through means other than discovery of the foreign state defendant, it is required to do so.  See id.  Assuming the documents Agrocomplect apparently seeks – further agreements between CBI and Bulgarian Bank – still exist nearly a quarter of a century after their creation, they could just as easily be obtained from Bulgarian Bank as from the Republic; indeed, they could likely be much more easily obtained in Bulgaria, given the current state of hostilities and governmental disruption in Iraq.  This is how Agrocomplect presumably obtained the Discovery Motion Exhibits, and it is reasonable to assume that it can obtain further documents from the same source if it serves its interests to do so.  The Republic should not be subjected to the burdens of discovery under these circumstances.[6]

## POINT II

### AGROCOMPLECT IS NOT ENTITLED TO DISCOVERY ON THE NON-JURISDICTIONAL ISSUES OF STATUTE OF LIMITATIONS AND RELEASE

Agrocomplect's other arguments for discovery are also without basis.  Contrary to Agrocomplect's contention, it is not the case that the Republic's reliance in its Motion to Dismiss on the IDRO Documents "constitutes a conversion [to summary judgment] triggering plaintiff's

---

[6] Even if Agrocomplect had alleged specific facts crucial to an immunity determination, which it has not, it would be required to limit the scope and subject matter of its requested discovery to that necessary to verify such facts.  The discovery Agrocomplect seeks – "twenty interrogatories and twenty requests for production of documents," Disc. Br. at 1, n. 1 – is insufficiently limited in scope and without meaningful limitations as to subject matter.  Under any view of the case, such a burden on the Republic's sovereign immunity would be inappropriate.

right to discovery on the release defense," Disc. Br. at 5, or that the Republic's reliance on the UNCC Panel Report in its motion warrants discovery on the issue of statute of limitations. Disc. Br. at 1, 3.

The Court cannot even reach the Republic's alternative grounds for dismissal until it determines that it has subject matter jurisdiction under the FSIA. Moreover, even if the Court had jurisdiction over Agrocomplect's claims, which it does not, it would be required to refer the merits to arbitration pursuant to the Arbitration Clause, not conduct discovery on them in the United States. Finally, even in the unlikely event the Court were to reach the Republic's alternative grounds for dismissal, it could consider the IDRO Documents and UNCC Panel Report without converting the Motion to Dismiss into a motion for summary judgment or requiring discovery.

**A.    The Court Cannot Reach The Republic's Alternative 12(b)(6) Grounds For Dismissal Because It Lacks Subject Matter Jurisdiction Under The FSIA**

It is well-settled that "the first and fundamental question [a court must decide] is that of jurisdiction," In re Papandreou, 139 F.3d at 255; therefore, in considering the Republic's Motion to Dismiss, the Court must *first* determine whether subject matter jurisdiction exists. The Amended Complaint is insufficient as a matter of law to establish such jurisdiction over the Republic under the FSIA. See Opening Br. at 7-22; Reply Br. at 2-16. Accordingly, the Court should dismiss the Amended Complaint for lack of subject matter and personal jurisdiction pursuant to Rule 12(b)(1) and (2) and may not reach the Republic's alternative grounds for dismissal under Rule 12(b)(6). See In re Papandreou, 139 F.3d at 256 (stating that addressing dismissal ground based on substantive rule of law before addressing FSIA jurisdictional issue would exceed district court's power).

8

**B.     Even If The Court Had Jurisdiction It Would Be Required To Refer The Matter To Arbitration Pursuant To The Arbitration Clause**

Even if the Court had jurisdiction, it could not reach the Republic's alternative grounds for dismissal under Rule 12(b)(6), but rather would be required to refer the matter to arbitration pursuant to the Arbitration Clause and stay or dismiss the present action pending the outcome of such arbitration pursuant to § 3 of the Federal Arbitration Act.  See 9 U.S.C. § 3; Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218-20 (1985) ("district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed"); Pearce v. E.F. Hutton Group, Inc., 828 F.2d 826, 830 (D.C. Cir. 1987); see also Opening Br. at 23-24; Reply Br. at 16.  Because Agrocomplect concedes that the Arbitration Clause applies to its claims, Am. Compl. ¶¶ 6, 19, 44-50, unless the Amended Complaint is dismissed for lack of jurisdiction, the Court *must* direct the parties to arbitration and either stay or dismiss the present action pending the outcome of such arbitration.  See Dean Witter Reynolds, 470 U.S. at 218-220; Pearce, 828 F.2d at 830; Emeronye v. CACI Int'l, Inc., 141 F. Supp. 2d 82, 88 (D.D.C. 2001) (finding dismissal of action within the discretion of the court and appropriate where all of plaintiff's claims are subject to arbitration); see also Opening Br. at 23-24; Reply Br. at 16.  As Agrocomplect concedes, see Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss the First Amended Complaint (Docket No. 21) at 24-25, the Republic's alternative grounds for dismissal based on statute of limitations and release would then be issues for the arbitral tribunal to decide, rendering any discovery in this Court on these issues inappropriate.

9

**C.    Even If The Court Could Reach The Republic's Alternative Grounds For Dismissal, Agrocomplect Would Not Be Entitled To Discovery On These Issues**

Finally, even if the Court were to reach the Republic's alternative grounds for dismissal under Rule 12(b)(6), it could consider the IDRO Documents and the UNCC Panel Report without converting the Motion to Dismiss to a motion for summary judgment and permitting discovery. First, where a plaintiff refers in its complaint to previous cases in which it litigated the controversy at issue, a court may consider the documents and orders pertaining to the previous litigations on a Rule 12(b)(6) motion in order to determine whether the claims were barred by *res judicata*. See Mavrovich v. Vanderpool, 427 F. Supp. 2d 1084 (D. Kan. 2006). Agrocomplect referred in its Amended Complaint to two fora in which it previously sought relief for its claims – the UNCC and the IDRO debt restructuring process. Am. Compl. ¶¶ 21-26. Indeed, the Amended Complaint specifically refers to the UNCC Panel Report and its contents. Id. at ¶ 22 ("On March 19, 1999, the Governing Council of the UNCC, adopting *the Report and Recommendations made by the Panel of Commissioners*, rejected on jurisdictional grounds the UNCC Claims other than US$150,790 for the cost of air evacuation of 368 company employees and 56 family members." (emphasis supplied)). Because the UNCC Panel Report and the IDRO Documents contain information on the proceedings conducted in the fora in which Agrocomplect previously sought relief for its claims, they may be considered by this Court on the Motion to Dismiss without necessitating conversion. See Mavrovich, 427 F. Supp. 2d at 1090; see also Opening Br. at 26-27; Reply Br. at 17-18.[7]

---

[7]    Additionally, the UNCC Panel Report is a matter of public record, and may also be considered on that basis. See Phillips v. Bureau of Prisons, 591 F.2d 966, 969 (D.C. Cir. 1979) ("when passing on a motion attacking the legal efficacy of the plaintiff's statement of his claim, the court may properly look beyond the complaint… *to matters of general public record*" (emphasis supplied)).

10

Moreover, where plaintiff has actual notice of all information in the movant's papers, it is only necessary that plaintiff relied upon the documents "in framing the complaint" in order for the court to consider them without converting the motion.  See Munno v. Town of Orangetown, 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005).  Here, Agrocomplect specifically refers to the UNCC and the IDRO debt restructuring process, the purposes thereof, and the requirements for participation therein in its Amended Complaint.  Am. Compl. ¶¶ 23-26.  Agrocomplect therefore necessarily had actual notice of the operative documents governing the two procedures and relied upon them in "framing" its Amended Complaint.  And as set forth in the Motion to Dismiss, these documents on their face bar Agrocomplect's claims.

## **CONCLUSION**

For all the foregoing reasons, the Republic of Iraq respectfully requests that this Court deny the plaintiff's motion for leave to conduct discovery on the Republic's motion to dismiss the Amended Complaint.

Dated: October 1, 2007

Respectfully submitted,

/s/ Matthew D. Slater_____
Matthew D. Slater (D.C. Bar # 386986)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1801
Telephone:  (202) 974-1500
Facsimile:   (202) 974-1999


Jonathan I. Blackman
Lisa M. Coyle
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:   (212) 225-3999

Attorneys for Defendant The Republic of Iraq

CERTIFICATE OF SERVICE

I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On October 1, 2007, a copy of the foregoing Memorandum of Points and Authorities in Opposition to the Plaintiff's Motion for Leave to Conduct Limited Discovery on Motion to Dismiss First Amended Complaint and accompanying papers, was served by electronic transmission through the Court's CM/ECF System on the following parties:

> Sylvia J. Rolinski
> Danielle M. Espinet
> Rolinski & Suarez, LLC
> 14915 River Road
> Potomac, Maryland 20854
> srolinski@rolinski.com
> Attorney for Agrocomplect, AD
>
> Philip M. Musolino
> Musolino & Dessel
> 1615 L Street, N.W., Suite 440
> Washington, D.C. 20036
> pmusolino@musolinoanddessel.com
> Attorney for Agrocomplect, AD

Dated: October 1, 2007                /s/ Emily C. Capehart_____
                                      Emily C. Capehart

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AGROCOMPLECT, AD,**             ) <br> ) <br> Plaintiff,            ) <br> ) <br> v.                              ) <br> ) <br> **THE REPUBLIC OF IRAQ,**         ) <br> ) <br> Defendant.          ) <br> ) | Case No. 1:07CV00165 (RBW) |

**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO
CONDUCT LIMITED DISCOVERY ON MOTION TO DISMISS
FIRST AMENDED COMPLAINT**

Upon consideration of the Plaintiff's Motion for Leave to Conduct Limited Discovery on Motion to Dismiss First Amended Complaint; the opposition thereto; any reply; the accompanying exhibits; and for good cause shown, it is, on this _____ day of _____, 2007, hereby:

ORDERED that the Plaintiff's motion is denied.

_____
Reggie B. Walton
United States District Judge

**List of Persons to be Notified (LCvR 7(k))**

        Matthew D. Slater
        Cleary Gottlieb Steen & Hamilton LLP
        2000 Pennsylvania Avenue, N.W.
        Washington, D.C.  20006-1801
        Telephone:  (202) 974-1500
        mslater@cgsh.com

        Jonathan I. Blackman
        Lisa M. Coyle
        Cleary Gottlieb Steen & Hamilton LLP
        One Liberty Plaza
        New York, New York 10006
        jblackman@cgsh.com
        lcoyle@cgsh.com
        Attorneys for Defendant The Republic of Iraq

        Sylvia J. Rolinski
        Danielle M. Espinet
        Rolinski & Suarez, LLC
        14915 River Road
        Potomac, Maryland 20854
        srolinski@rolinski.com
        Attorney for Agrocomplect, AD

        Philip M. Musolino
        Musolino & Dessel
        1615 L Street, N.W., Suite 440
        Washington, D.C. 20036
        pmusolino@musolinoanddessel.com
        Attorney for Agrocomplect, AD