IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AGROCOMPLECT, AD,**          )<br>                                                       )<br>              Plaintiff,             )<br>                                                       )<br>       v.                                            )<br>                                                       )<br>**THE REPUBLIC OF IRAQ,**       )<br>                                                       )<br>              Defendant.          )<br>                                                       )<br>_____) | Case No. 1:07CV00165 (RBW) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION
AND TO ALTER OR AMEND ORDER AND JUDGMENT**

Defendant The Republic of Iraq ("Iraq" or the "Republic") submits this Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Reconsideration and to Alter or Amend Order and Judgment (the "Reconsideration Motion").

**PRELIMINARY STATEMENT**

Agrocomplect's request that the Court reconsider its November 30 Opinion ("Mem. Op.") and Order granting the Republic's motion to dismiss the first amended complaint for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA") is based exclusively on a new argument never raised in its extensive briefing of that motion or its multiple motions for discovery.[1]  Moreover, even if it were appropriate to consider this new argument, which it is not, it would provide no basis for altering the Court's decision.

---

[1]    Agrocomplect's argument relates solely to the Court's determination that the "direct effect" test of the FSIA was not satisfied based on payments allegedly due in connection with the contract between Agrocomplect and

In its motion to dismiss, the Republic showed, among other things, that its Contract with Agrocomplect contained no provision requiring payment by the Republic to Agrocomplect in the United States, and that there was consequently no basis for jurisdiction under the "direct effect" prong of § 1605(a)(2) of the FSIA, notwithstanding any alleged payment "at least in part by and through and into banking institutions in the United States."  Mem. Op. at 16, 2007 WL 4218928, at *8 (D.D.C. Nov. 30, 2007).  In an unsuccessful attempt to refute this showing, Agrocomplect submitted various documents evidencing trade financing agreements between the Central Bank of Iraq ("CBI") and the Bulgarian Foreign Trade Bank ("Bulbank") (the "Financing Agreements"), and argued that these Financing Agreements governed payments under the Contract, and required payment in the United States.  The Court correctly held that these Financing Agreements, assuming they even applied to the Contract between the Republic and Agrocomplect, at most would have shown an obligation by CBI to repay Bulbank for financing payments made to Agrocomplect by Bulbank, and noted that, if this were true, the proper plaintiff would be Bulbank, not Agrocomplect.  Mem. Op. at 23, 2007 WL 4218928, at *12.

In its Reconsideration Motion, Agrocomplect mischaracterizes this ruling as somehow finding a "novation" of the Contract between Agrocomplect and the Republic, and contends that such a finding was incorrect because the Republic was never discharged from its contractual obligations to Agrocomplect.  But of course, the Court made no such finding or any other determination regarding the merits of whether or not the Republic retains any liability to Agrocomplect; the word "novation" appears nowhere in the Court's opinion or in any brief

---

the Republic (the "Contract").  Agrocomplect has not challenged any other portion of the Court's decision in its Reconsideration Motion.

submitted by either of the parties during the lengthy briefing that resulted in that opinion.[2] What the Court *did* hold was that on the facts pleaded, and including consideration of contractual and other documents submitted, the "direct effect" test for subject matter jurisdiction had not been satisfied. Agrocomplect's belated "novation" argument is a pure straw man, and provides no basis for reconsideration of the Court's well-considered ruling.

## ARGUMENT

### AGROCOMPLECT HAS SHOWN NO VALID BASIS FOR RECONSIDERATION OF THE COURT'S DECISION

**A.** **Legal Standard For Motion For Reconsideration**

The standard for granting a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) is strict. See Center for Science in the Public Interest v. FDA, No. Civ.A. 03-1962, 2004 WL 2218658, at *2 (D.D.C. Sept. 17, 2004) (Walton, J.) (Rule 59(e) motions are "disfavored" and "should be granted only under extraordinary circumstances."). Under this standard, which Agrocomplect does not even bother to address, reconsideration is denied unless the Court finds that (1) "there is an intervening change of controlling law;" (2) "new evidence is available;" or (3) "a need to correct a clear error or to prevent manifest injustice is present." Schrader v. Tomlinson, No. Civ.A. 00-2804, 2005 WL 327130, at *2 (D.D.C. Feb. 9, 2005) (Walton, J.). None of those circumstances is present here.

---

[2] Agrocomplect in fact released any claims against the Republic as part of the IDRO settlement process, but that was a merits issue the Court properly did not reach, Mem. Op. at 5-7, 2007 WL 4218928, at *3, just as it did not and could not reach any other merits issue of whether the Republic is or is not liable to Agrocomplect.

B.  **Agrocomplect Has Not Demonstrated That Any Circumstances Warranting Reconsideration Of The Decision Are Present**

Agrocomplect does not, because it cannot, point to any intervening change of controlling law or newly discovered evidence that warrants reconsideration of the Court's decision.[3]  Nor can Agrocomplect demonstrate that the decision was clearly erroneous.  See Lightfoot v. Dist. of Columbia, 355 F. Supp. 2d 414, 422 (D.D.C. 2005) ("[A] final judgment must be 'dead wrong' to constitute clear error.") (citation omitted).  Far from offering any explanation of how the decision is "dead wrong," plaintiff concedes that the Court devoted a significant part of its opinion to "analyz[ing] *in detail*" plaintiff's argument that, taken together, the Contract and Financing Agreements "satisfied the direct effect test of the FSIA," before determining that they did not.  Pl. Mem. at 1-2 (emphasis supplied).  The Court's decision was correct.

C.  **Agrocomplect's New "Novation" Argument Does Not Warrant Reconsideration**

Instead of pointing to any valid basis on which the Court could grant its Reconsideration Motion, Agrocomplect argues, for the first time, that "[t]here is no evidence that [it] entered into a novation with [the Republic]."  Pl. Mem. at 3.  If this argument had any relevance whatsoever to the Court's decision, which it does not, Agrocomplect could have raised it in the lengthy briefs it submitted to the Court in opposition to the Republic's motion to dismiss or in support of its own discovery motions.  It did not do so, and it is not free now to advance this new argument on

---

[3]  The letter from the Legal Affairs Department of the Iraqi Council of Ministers to the Iraq Ministry of Irrigation, dated January 15, 2003 (the "Letter"), which Agrocomplect submits in support of its Reconsideration Motion, is not new evidence.  Rather, as Agrocomplect concedes, the Letter has been in its possession since at least October 23, 2007 (more than a month before the decision was entered) and Agrocomplect was purportedly "considering moving to supplement or amend the pending discovery motion," at that time.  Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Reconsideration and to Alter or Amend Order and Judgment ("Pl. Mem.") at 4, n.4.  That Agrocomplect chose not to do so is not a proper basis for a motion for reconsideration.  See Lightfoot, 355 F.Supp. at 422 ("[M]anifest injustice does not exist where, as here, a party could easily have avoided the outcome, but instead elected not to act until after a final order had been entered." (quotations omitted)).  In any event, the contents of the Letter are irrelevant to the Court's decision, as they do not address the issue of whether any payments under the Contract were required to be made by the Republic to Agrocomplect in the United States, as the Court correctly held was necessary in order to satisfy the direct effect test.

a motion for reconsideration.  Schrader, 2005 WL 327130, at *2 ("A Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." (quotations omitted)).

In any event, Agrocomplect's new argument is entirely irrelevant.  The Court's determination that it had no subject matter jurisdiction over Agrocomplect's claims did not involve the merits question of whether the Republic had any outstanding obligations to Agrocomplect, but whether any such obligations, or the Republic's alleged failure to satisfy them, would result in a direct effect in the United States.  On this issue, the Court held that "[a]t no point was the defendant under any obligation to pay the plaintiff *in the United States*," and therefore any payment obligations that did exist could not satisfy the direct effect test.  Mem. Op. at 19, 2007 WL 4218928, at *10 (emphasis supplied).  Whether or not the Republic still owes any money to Agrocomoplect has nothing to do with whether subject matter jurisdiction exists under the direct effect test of § 1605(a)(2) of the FSIA.

Agrocomplect's assertion that "the absence of any proof of a release of the defendant's contractual obligations to plaintiff precludes any determination that plaintiff lacks standing to assert contractual claims against defendant," Pl. Mem. at 5, simply misses the point.  Because it was unclear whether the Financing Agreements even applied to the Contract, the Court considered **both** the scenario in which "Bulgaria agreed to finance and then refinance the Project on the defendant's behalf" (in which case "the case should be dismissed for lack of Article III standing"), **and** the scenario in which "the plaintiff's own proffered documents are not to be believed and the defendant's obligations ran directly to the plaintiff" (in which case, the Court determined, "there is no basis whatsoever for the plaintiff's assertions that the defendant was

5

obligated to make payments to the plaintiff in New York"). Mem. Op. at 23-24, 2007 WL 4218928, at *12. The Court concluded that "***[e]ither way***, the 'direct effect' requirement of § 1605(a)(2) as interpreted by the Supreme Court in Weltover and the District of Columbia Circuit in Goodman Holdings is not satisfied." Id. at 24, 2007 WL 4218928, at *12 (emphasis supplied).

Agrocomplect's *ipse dixit* assertion that it "is entitled to the benefit of the New York payment obligations in the context of a direct effect, without surrendering its right to pursue Defendant directly," Pl. Mem. at 6, is wholly without merit, and has already been rejected by the Court. Plaintiff cannot have it both ways: any payment obligations that allegedly ran from the Republic to Agrocomplect under the Contract were not "supposed to" be settled in the United States; and any payment obligations that plaintiff alleges were "supposed to" be settled in the United States ran from CBI to Bulbank – not from the Republic to Agrocomplect – and Agrocomplect's claims therefore cannot be "based upon" any failure to satisfy those obligations. In either event, the direct effect test was not satisfied.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for reconsideration and to alter or amend order and judgment should be denied.

Dated: December 20, 2007

Respectfully submitted,

/s/ Matthew D. Slater
Matthew D. Slater (D.C. Bar # 386986)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1801
Telephone:  (202) 974-1500
Facsimile:   (202) 974-1999


Jonathan I. Blackman
Lisa M. Coyle
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:   (212) 225-3999

Attorneys for Defendant The Republic of Iraq

CERTIFICATE OF SERVICE

I, Allison E. Collins, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On December 20, 2007, a copy of the foregoing Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Reconsideration and to Alter or Amend Order and Judgment and accompanying papers, was served by electronic transmission through the Court's CM/ECF System on the following parties:

>Sylvia J. Rolinski
>Danielle M. Espinet
>Rolinski & Suarez, LLC
>14915 River Road
>Potomac, Maryland 20854
>srolinski@rolinski.com
>Attorney for Agrocomplect, AD

>Philip M. Musolino
>Musolino & Dessel
>1615 L Street, N.W., Suite 440
>Washington, D.C. 20036
>pmusolino@musolinoanddessel.com
>Attorney for Agrocomplect, AD

Dated: December 20, 2007     /s/ Allison E. Collins
                             Allison E. Collins

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AGROCOMPLECT, AD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:07CV00165 (RBW) |
| v. ) | |
| ) | |
| **THE REPUBLIC OF IRAQ,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
AND TO ALTER OR AMEND ORDER AND JUDGMENT**

Upon consideration of the Plaintiff's Motion for Reconsideration and to Alter or Amend Order and Judgment; the opposition thereto; any reply; the accompanying exhibits; and for good cause shown, it is, on this _____ day of _____, 200__, hereby:

ORDERED that the Plaintiff's motion is denied.

_____
Reggie B. Walton
United States District Judge

## List of Persons to be Notified (LCvR 7(k))

Matthew D. Slater
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1801
Telephone:  (202) 974-1500
mslater@cgsh.com

Jonathan I. Blackman
Lisa M. Coyle
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
jblackman@cgsh.com
lcoyle@cgsh.com
Attorneys for Defendant The Republic of Iraq

Sylvia J. Rolinski
Danielle M. Espinet
Rolinski & Suarez, LLC
14915 River Road
Potomac, Maryland 20854
srolinski@rolinski.com
Attorney for Agrocomplect, AD

Philip M. Musolino
Musolino & Dessel
1615 L Street, N.W., Suite 440
Washington, D.C. 20036
pmusolino@musolinoanddessel.com
Attorney for Agrocomplect, AD