UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
AGROCOMPLECT, AD,                   )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 07-165  (RBW)
                                    )
REPUBLIC OF IRAQ,                   )
                                    )
            Defendant.              )
_____)

**MEMORANDUM OPINION**

Agrocomplect AD, the plaintiff in this civil suit, seeks $47,000,000 in compensatory damages from the Republic of Iraq for the alleged breach of a construction contract entered into by the plaintiff and the defendant in the early 1980s (the "Contract").[1]  First Amended Complaint (the "Am. Compl.") at 11.  On November 14, 2007, the Court issued a memorandum opinion resolving a motion to dismiss filed by the defendant in which the Court concluded that the defendant's motion had to be granted and the plaintiff's amended complaint "dismissed in its entirety."  Agrocomplect, AD v. Republic of Iraq, 524 F. Supp. 2d 16, 35 (D.D.C. 2007) (Walton, J.) ("Agrocomplect I").  Thereafter, the plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which the Court denied in a memorandum opinion entered on January 25, 2008.  Agrocomplect, AD v. Republic of Iraq, 247 F.R.D. 213, 218 (D.D.C. 2008) (Walton, J.).  Currently before the Court is the plaintiff's separate motion to vacate the judgment against it and for leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a).  Plaintiff['s] Motion to Vacate Judgment and to Amend

---

[1]  The Contract is attached as Exhibit A to the defendant's motion to dismiss the plaintiff's first amended complaint.

First Amended Complaint[] or, in the Alternative, for a Statement under Smith v. Pollin[, 194 F.2d 349 (D.C. Cir. 1952),] (the "Pl.'s Mot.") at 1.[2]  After carefully reviewing the Court's prior memorandum opinion, the plaintiff's motion, and all memoranda and exhibits relevant to that motion,[3] the Court concludes for the reasons that follow that it must deny the plaintiff's motion.

As an initial matter,[4] the parties disagree over the applicable standard of review governing the disposition of the plaintiff's motion.  The plaintiff cites Rule 59(e) as the basis for the relief sought in its motion.  See Pl.'s Mem. at 1–2 ("Following [the] grant of a motion to dismiss a complaint, a plaintiff may seek to amend its [c]omplaint by filing a Rule 59(e) motion to alter or amend a judgment[] combined with a Rule 15(a) motion requesting leave of court to amend [its] complaint.").  The defendant argues that Federal Rule of Civil Procedure 60(b) applies rather than Rule 59(e) because the motion was filed more than ten days after the entry of the Court's order accompanying its initial memorandum opinion and was filed nearly a month after the close of briefing on the plaintiff's initial motion for reconsideration.  Def.'s Opp'n at 2–

---

[2] As the caption of the plaintiff's motion indicates, the plaintiff also requested that the Court notify the District of Columbia Circuit, where an appeal from this Court's prior ruling in Agrocomplect I was still pending at the time of the motion's filing, that this Court would vacate its judgment against the plaintiff if the case were remanded to this Court in accordance with the procedures set forth in Smith v. Pollin, 194 F.2d 349 (D.C. Cir. 1952), Pl.'s Mot. at 1. This request is moot in light of the circuit court's subsequent order affirming this Court's judgment. Agrocomplect, AD v. Republic of Iraq, No. 07-7181, 2008 WL 5455695, at *1–2 (D.C. Cir. Nov. 14, 2008).

[3] In addition to the Court's prior memorandum opinions (and the underlying documents considered by the Court in rendering those opinions, see Agrocomplect I, 524 F. Supp. 2d at 17 n.2 (listing those documents considered with respect to the Court's memorandum opinion regarding the defendant's motion to dismiss); Agrocomplect II, 247 F.R.D. at 214 n.4 (listing those documents considered with respect to the Court's memorandum opinion regarding the plaintiff's initial motion for reconsideration), the Court considered the following documents in reaching its decision: (1) the Memorandum of Points and Authorities in Support of Plaintiff['s] Motion to Amend First Amended Complaint (the "Pl.'s Mem."), (2) the Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Vacate Judgment and to Amend First Amended Complaint[] or, in the Alternative, "For a Statement under Smith v. Pollin[, 194 F.2d 349 (D.C. Cir. 1952)]" (the "Def.'s Opp'n"), and (3) the Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Vacate Judgment and to Amend First Amended Complaint[] or, in the Alternative, for a Statement under Smith v. Pollin[, 194 F.2d 349 (D.C. Cir. 1952)] (the "Pl.'s Reply").

[4] For purposes of brevity, the Court will refrain from recapitulating the factual and procedural background of this case. A full accounting of these details is set forth in Agrocomplect I. See Agrocomplect I, 524 F. Supp. 2d 16, 17–20 (setting forth the factual and procedural background of this case).

3; see also Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."); Fed. R. Civ. P. 54(a) (defining the term "judgment" to encompass "any order from which an appeal lies"). The plaintiff counters that its motion falls under the rubric of Rule 59(e) because its initial motion for reconsideration suspended the finality of the Court's order dismissing the plaintiff's complaint for lack of subject-matter jurisdiction. Pl.'s Reply at 5.

    The plaintiff appears to have the better of this argument. "[A] timely filed Rule 59(e) motion suspends the finality of a judgment not just at the appellate level, but at the district court level as well." Int'l Ctr. for Tech. Assessment v. Leavitt, 468 F. Supp. 2d 200, 206 (D.D.C. 2007). Thus, the plaintiff was always free to seek relief under Rule 59(e) until ten days had elapsed following a ruling on the merits of its initial motion for reconsideration. The Court did not issue such a ruling until January 25, 2008—the day after the plaintiff filed its second motion for reconsideration. The plaintiff's request for relief under Rule 59(e) is therefore timely, and its motion must be construed as a motion to alter or amend the Court's judgment under that rule as a consequence.

    In any event, reviewing the plaintiff's motion under the standards appurtenant to a Rule 59(e) motion hardly constitutes an act of charity towards the plaintiff. "As this Court has noted in the past, motions for reconsideration under Rule 59(e) are disfavored and should be granted only under extraordinary circumstances." N.Y.C. Apparel F.Z.E. v. U.S. Customs and Border Protection Bureau, 618 F. Supp. 2d 75, 76 (D.D.C. 2009) (Walton, J.). Indeed, a motion of this sort "need not be granted unless the [Court] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice." Messina v. Krakower, 439 F.3d 755, 758 (D.C. Cir. 2006) (internal citation and quotation marks omitted).

The plaintiff does not explicitly contend that there has been a "change of controlling law" since the Court denied its motion for attorney's fees, that there is any "new evidence" that merits the Court's attention, that the Court "clear[ly] err[ed]" in granting the defendant's motion to dismiss, or that some form of "manifest injustice" will result from the Court's order. Id. Instead, it argues that its request for leave to file an amended complaint should be granted because its proposed second amended complaint is not futile, Pl.'s Mem. at 5–7; Pl.'s Reply at 10–13, and has been tendered in good faith and without undue delay, Pl.'s Mem. at 7–11; Pl.'s Reply at 7–10. But while "[Federal Rule of Civil Procedure] 15(a) provides that leave to amend 'shall be freely given when justice so requires,' . . . once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment." Ciralsky v. CIA, 355 F.3d 661, 673 (D.C. Cir. 2004) (further internal citation and quotation marks omitted). Whether the plaintiff satisfies the comparatively lenient requirements for filing an amended pleading under Rule 15(a) is therefore irrelevant to the threshold question of whether the motion for leave to file an amended pleading should be considered in the first instance.

The plaintiff's submission is inadequate with respect to this threshold inquiry. While the plaintiff has submitted declarations from Blecho Belchev, "Finance Minister to [Bulgaria] from 1976–1990," Pl.'s Mem., Ex. 2B (Declaration of Blecho Belchev, Jan. 21, 2008 (the "Belchev Decl.")) ¶ 2, and Hristo Dimitrov Latchev, "the Executive Director of Bulgartabac Holding, AD . . . since [December 22, 2005]," id., Ex. 2C (Declaration of Hristo Dimitrov Latchev, undated (the "Hristo Latchev")) ¶ 2, that apparently post-date the Court's decision in

4

Agrocomplect I and its accompanying dismissal order, the substance of these declarations are identical to the substance of a separate declaration submitted by Slav Stoychev Slavov, who "ha[s] worked for [the plaintiff] since 1980," id., Ex. 2A (Declaration of Slav Stoychev Slavov, Jan. 21, 2008 (the "Slavov Decl.")) ¶ 2; compare Belchev Decl. ¶¶ 3–9 (alleging that because the Bulgarian Foreign Trade Bank was the only Bulgarian entity authorized to handle foreign currency transactions, it acted as a financial intermediary between all Bulgarian companies and the defendant without extinguishing those companies' contractual rights, and ceased making payments to those companies when the defendant failed to make payment into accounts established in New York City), and Latchev Decl. ¶¶ 4–7 (making these same allegations with respect to Bulgartabac Holding, AD), with Slavov Decl. ¶¶ 6–11 (making these same allegations with respect to the plaintiff).  Thus, to the extent the declarations prepared by Belchev and Latchev can be considered "new evidence," they are immaterial because they merely corroborate Slavov's statements, which were available to the plaintiff when it filed its original and amended complaints, and the plaintiff's amended complaint was dismissed for failure to allege facts establishing the Court's subject-matter jurisdiction, not for failure to demonstrate subject-matter jurisdiction by a preponderance of the evidence.  See Agrocomplect I, 524 F. Supp. 2d at 23 (explaining that the Court would assess the merits of the defendant's motion to dismiss "under the standards applicable to a 'facial' challenge under Rule 12(b)(1)"),[5]

---

[5] Broadly speaking, there are two types of Rule 12(b)(1) motions.  "A facial challenge attacks the factual allegations of the complaint that are contained on the face of the complaint, while a factual challenge is addressed to the underlying facts contained in the complaint."  Al-Owhali v. Ashcroft, 279 F. Supp. 2d 13, 20 (D.D.C. 2003) (internal citation and quotation marks omitted).  On the other hand, "[w]here a defendant makes a facial challenge, "the [C]ourt must accept as true the allegations in the complaint and consider the factual allegations of the complaint in the light most favorable to the non-moving party," Erby v. United States, 424 F. Supp. 2d 180, 182 (D.D.C. 2006) (internal citation and quotation marks omitted), just as it would on a motion to dismiss under Rule 12(b)(6), see Price v. Socialist People's Libyan Arab Jamahiriya, 294 F.3d 82, 93 (D.C. Cir. 2002)  (noting that the standard for facial challenge to subject-matter jurisdiction "is similar to that of Rule 12(b)(6)").  On the other hand, where a factual challenge is made, the Court "may consider materials outside the pleadings" to determine whether it has (continued . . . )

Given this lack of newly available evidence of material consequence, and given the absence of any challenge to the merits of the Court's ruling in Agrocomplect I and the subsequent affirmation of that ruling by the District of Columbia Circuit, the only remaining possible basis for relief for the plaintiff under Rule 59(e) would be the "manifest injustice" prong of the standard governing such motions.  Yet, as the circuit court noted in Ciralsky, "manifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered."  Ciralsky, 355 F.3d at 673.

The plaintiff contends that it delayed seeking leave to file a second amended complaint because it "sought corroboration of [its own] personnel's version of events from a source . . . with unchallengeable personal knowledge[] and independence," Pl.'s Reply at 8, and that, "[f]aced with a statute of limitations defense, [it] properly limited its allegations in earlier pleadings to the facts in which it had a good faith belief," id. at 9.  But Federal Rule of Civil Procedure 11 does not require a plaintiff to allege facts about which the plaintiff has "unchallengeable personal knowledge" or that is "corroborat[ed]" by someone with "independence," id. at 8—rather, it requires only that factual allegations "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," Fed. R. Civ. P. 11(b)(3).  Therefore, the plaintiff could potentially have "avoided the outcome" of the defendant's motion to dismiss, Ciralsky, 355 F.3d at 673, by filing an amended complaint reflecting the substance of Slavov's declaration without having procured corroborating evidence from Belchev and Latchev first.

---

subject-matter jurisdiction over the challenged case or claims, Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (internal citation and quotation marks omitted), and "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence," Erby, 424 F. Supp. 2d at 182 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)) (other internal citations and quotation marks omitted).

Moreover, because the Court dismissed the plaintiff's amended complaint for lack of subject-matter jurisdiction based upon the face of the plaintiff's complaint and the documents incorporated by reference therein, its dismissal was without prejudice to the filing of a new complaint in a new civil lawsuit assuming that the allegations in the second lawsuit are sufficiently different from the allegations in its dismissed complaint to avoid falling within the ambit of the Court's ruling in Agrocomplect I, see Kasap v. Folger Nolan Fleming & Douglas, Inc., 166 F.3d 1243, 1248 (D.C. Cir. 1999) ("[D]ismissals for lack of jurisdiction are not decisions on the merits and therefore have no res judicata effect on subsequent attempts to bring suit in a court of competent jurisdiction."); Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject[-]matter jurisdiction, it also lacks the power to dismiss with prejudice."). Alternatively, if the plaintiff's allegations in its amended complaint in this case and any subsequently filed complaint are shown not to be materially different with respect to the issue of subject-matter jurisdiction, then the Court would be forced to deny the plaintiff's request for leave to file a second amended complaint in this case as futile under the so-called "mandate rule" in light of the District of Columbia Circuit's affirmance of the Court's ruling in Agrocomplect I, see Indep. Petroleum Ass'n of Am. v. Babbitt, 235 F.3d 588, 597 (D.C. Cir. 2001) ("The mandate rule is a 'more powerful version' of the law-if-the-case doctrine, which prevents courts from reconsidering issues that have already been decided in the same case." (internal citation and quotation marks omitted)),[6] just as another court (or member of this Court) would have to dismiss the same complaint under the doctrine of issue preclusion if it were

---

[6] As the Supreme Court explained in Foman v. Davis, 371 U.S. 178 (1962), leave to amend a pleading should "be freely given" except "[i]n the absence of any apparent . . . reason," such as "futility of [the] amendment," id. at 182. Where the reason for denying leave to amend is futility, the district court must find that "the proposed pleading would not survive a motion to dismiss." Nat'l Wrestling Coaches Ass'n v. Dep't of Educ., 366 F.3d 930, 945 (D.C. Cir. 2004).

7

filed in a separate lawsuit, see Kasap, 166 F.3d at 1248 (explaining that while the doctrine of res judicata may not preclude the initiation of a separate lawsuit where a complaint is dismissed for lack of jurisdiction, "under principles of issue preclusion, even a case dismissed without prejudice has preclusive effect on the jurisdictional issue litigated" (emphasis in original)).

Thus, the only real difference between permitting the plaintiff to file an amended complaint in this case and forcing it to initiate a separate lawsuit is that the period of time between the filing of its initial complaint and the initial complaint in a second lawsuit would not be tolled for statute of limitations purposes. See Ciralsky, 355 F.3d at 672 ("When a complaint is timely filed, the statute of limitations is tolled, and subsequent amendments to the complaint are also regarded as timely."). And to the extent the plaintiff lacked the basic "evidentiary support" necessary to file a meritorious complaint, Fed. R. Civ. P. 11(b)(3), and chose to file a defective complaint in compliance with Rule 11 anyway just to avoid the reach of an otherwise applicable statute of limitations, it would, if anything, be manifestly unjust to the defendant to afford the plaintiff relief from the Court's judgment now that it is finally prepared to fully pursue its claims in good faith.

Under these circumstances, there is no manifest injustice in requiring the plaintiff to file a separate lawsuit subject to the same statute of limitations that it attempted to avoid by filing its "limited" complaint in January of 2007. Further, the plaintiff cannot satisfy any of the other conditions for reconsideration under Rule 59(e). The Court will therefore deny the plaintiff's motion for reconsideration and will deny its related request for leave to file a second amended complaint as moot as a consequence.

**SO ORDERED** this 18th day of September, 2009.[7]

REGGIE B. WALTON<br>
United States District Judge

---

[7] An order will be entered contemporaneously with this memorandum opinion (1) denying the plaintiff's motion for reconsideration and (2) denying as moot the plaintiff's request for leave to file an amended complaint and request for the issuance of a notice to the District of Columbia Circuit that this Court would vacate its judgment against the plaintiff if the case were remanded to this Court.